UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN M. HELLER, | ) | CASE NO. 5:14-CV-134 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| BOOST MOBILE, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**I. INTRODUCTION**

On January 21, 2014, *pro se* plaintiff Dawn M. Heller filed this *in forma pauperis* action against defendants Boost Mobile ("Boost"), Revol Wireless ("Revol"), and John Doe affiliates, subsidiaries, assigns, and interested stockholders, asserting violations of the Racketeer Influenced and Corrupt Organizations Act (RICO)[1], 18 U.S.C. § 1962 as well as "breach of implied warranty, breach of promise, negligence, gross negligence, willful concealment of material facts and breach of contract" under state law. (Doc. No. 1 at 7.) Plaintiff's allegations in the complaint are garbled and unclear. The thrust of her claim appears to be that, after a merger in which Revol was taken over by Boost, defendants misrepresented service plan terms and did not provide a satisfactory promotional phone as promised. (*Id*. at 3.)  Plaintiff further alleges she had difficulty communicating by telephone with customer service after the merger, and that she

---

[1] Plaintiff does not specifically mention RICO in her complaint, but cites the statute on her civil cover sheet and in the summons for service she provided to the Court. Also, her prayer for relief in the complaint cites federal criminal statutes prohibiting mail and wire fraud, offenses that are among those forming the basis for a civil RICO claim.

had to stand in the "bitter cold" for hours to get her phone activated. (*Id*.)

## II. LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319, 322-23, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

misconduct alleged." *Id.* The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twonbly*, 550 U.S. at 557).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require[e] [the] courts to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278 (citation omitted). Dismissal is appropriate "when the facts alleged rise to the level of the irrational or wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

Plaintiff fails to state a claim under RICO. Pursuant to 18 U.S.C. § 1964(c), RICO provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." In turn, § 1962 states in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the

provisions of . . . this section.

18 U.S.C. § 1692(c)-(d). A "pattern of racketeering activity" requires at least two acts of "racketeering activity," which are set forth in § 1961(1).[3] 18 U.S.C. § 1961(5). An "unlawful debt" is a debt which was incurred in an illegal gambling activity through an illegal gambling business, or a debt unenforceable because of usury laws and which was obtained through a business enterprise that loans money at a usury interest rate that is at least twice the enforceable rate. 18 U.S.C. § 1961(6); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 229 (6th Cir. 1997). To prove a defendant violated § 1962(c), it is necessary for the plaintiff to show either that the

---

[3] 18 U.S.C. § 1961(1) defines a "racketeering activity" as: (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical, which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: § 201 (bribery), § 224 (sports bribery), §§ 471, 472, and 473 (counterfeiting), § 659 (theft from interstate shipment), § 664 (embezzlement from pension and welfare funds), §§ 891–894 (extortionate credit transactions), § 1028 (fraud and in connection with identification documents), § 1029 (fraud in connection with access devices), § 1084 (transmission of gambling information), § 1341 (mail fraud), § 1343 (wire fraud), § 1344 (financial institution fraud), § 1425 (unlawful procurement of citizenship or nationalization), § 1426 (reproduction of naturalization or citizenship papers), § 1427 (sale of naturalization or citizenship papers), §§ 1461–1465 (obscene matter), § 1503 (obstruction of justice), § 1510 (obstruction of criminal investigations), § 1511 (obstruction of State or local law enforcement), § 1512 (tampering with a witness, victim, or an informant), § 1513 (retaliating against a witness, victim, or an informant), § 1542 (false statement in application and use of passport), § 1543 (forgery or false use of passport), § 1544 (misuse of passport), § 1546 (fraud and misuse of visas and permits), §§ 1581–1591 (slavery and trafficking in persons), § 1951 (interference with commerce, robbery, or extortion), § 1952 (racketeering), § 1953 (interstate transportation of wagering paraphernalia), § 1954 (unlawful welfare fund payments), § 1955 (illegal gambling businesses), § 1956 (money laundering), § 1957 (engaging in monetary transactions in property derived from specified unlawful activity), § 1958 (use of interstate commerce in the commission of murder-for-hire), §§ 2251, 2251A, 2252, and 2260 (sexual exploitation of children), §§ 2312 and 2313 (interstate transportation of stolen motor vehicles), §§ 2314 and 2315 (interstate transportation of stolen property), § 2318 (trafficking in counterfeit labels for phonorecords, computer programs and motion pictures), § 2319 (criminal infringement of a copyright), § 2319A (unauthorized trafficking in sound recordings and music videos), § 2320 (trafficking in goods or services bearing counterfeit marks), § 2321 (trafficking in certain motor vehicles or motor vehicle parts), §§ 2341–2346 (trafficking in contraband cigarettes), §§ 2421–24 (slave traffic), §§ 175-178 (biological weapons), §§ 229-229F (chemical weapons), § 831 (nuclear materials), (C) any act which is indictable under 29 U.S.C. § 186 (restrictions on payments and loans to labor organizations) or § 501(c) (embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11, fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, § 274 (bringing in and harboring certain aliens), § 277 (aiding or assisting certain aliens to enter the United States), or § 278 (importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or (G) any act that is indictable under any provision listed in § 2332b(g)(5)(B).

defendant committed two predicate offenses to establish a pattern of racketeering activity or that the defendant was engaged in the business of collecting illegal gambling debts or debts with usurious interest rates. To violate § 1962(d), a defendant must conspire with another person who commits two acts of racketeering activity. *United States v. Joseph*, 781 F.2d 549, 554 (6th Cir. 1986).

Plaintiff provides no allegations reasonably suggesting the defendants committed two or more predicate offenses, engaged in collecting illegal gambling debts, or attempted to collect a debt with a usurious interest rate. While she attempts to assert claims for wire fraud and mail fraud, she does not indicate with any specificity what acts defendants committed that might have constituted these offenses. Legal conclusions unsupported by facts are not sufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678.

In sum, even construing the complaint liberally, it does not set forth a valid RICO claim. *See*, *e.g.*, *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Finally, to the extent plaintiff seeks to set forth claims arising under state law, the Court lacks subject matter jurisdiction to consider them. Although federal district courts are vested with diversity jurisdiction under 28 U.S.C. § 1332(a)(1), plaintiff and defendant Revol are citizens of the state of Ohio, destroying complete diversity. (*See* Doc. No. 1 at 2.) The Court could exercise supplemental jurisdiction over Heller's state law claims if they derived from the same nucleus of operative facts as any federal claims before the Court. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). When, however, the federal claims are dismissed before trial, the state law claims should also be dismissed. *Id*. at 726. The Court

therefore will not examine any potential state law claims. It declines jurisdiction over them in light of its dismissal of any purported federal law claims.

### III. CONCLUSION

Based on the foregoing, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: June 24, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**